UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OREGON HEALTH & SCIENCE UNIVERSITY,<br><br>         *Plaintiff*,<br><br> v.<br><br>CAROLE JOHNSON, in her official capacity as Administrator, Health Resources and Services Administration,<br><br>and<br><br>XAVIER BECERRA, in his official capacity as Secretary, United States Department of Health and Human Services,<br><br>         *Defendants*. | Case Number 1:24-cv-02184-RC |

**MOTION OF JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC. FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

  Proposed *Amicus Curiae* Johnson & Johnson Health Care Systems ("J&J") respectfully requests leave to file the attached proposed amicus brief in support of Defendants' motion to dismiss (Exhibit A). J&J also submits a proposed order (Exhibit B). Pursuant to Local Rules 7(m) and (o), J&J has contacted counsel for both Plaintiff and Defendants. Plaintiff has indicated that it does not consent to this Motion. Defendants have indicated that they take no position on the Motion.

  In support of this Motion, J&J states as follows:

  1. Johnson & Johnson Health Care Systems ("J&J") has been a proud participant in the 340B Program for more than three decades. J&J is committed to the original purpose of the 340B Program as Congress established it in 1992: helping uninsured and indigent patients gain

greater access to reduced-cost medications. But more than three decades later, the 340B Program is being regularly abused by entities it was never intended to benefit. Over time, the program has strayed far from its original aim and transformed into the second-largest federal drug program in the United States, smaller only than Medicare. Instead of supporting uninsured or indigent patients, it now primarily benefits sophisticated, well-resourced hospital systems and major for-profit retail pharmacy chains and their affiliated pharmacy benefit managers. A lack of transparency has also subjected the program to rampant abuse, to the detriment of patients.

2. In recent years, J&J has observed concerning trends in the volume of purchases of its drugs at 340B prices. In April 2024, J&J contacted several covered entities that J&J's data showed had significantly increased their 340B purchasing of J&J products over the preceding 12 months. J&J attempted to engage these entities in good-faith discussions so that J&J could better understand the drivers of their substantial increases in utilization and ensure that the increases did not result in duplicate discounts or diversion. Unfortunately, most entities offered little substantive response to J&J. That includes the plaintiff in this action, Oregon Health & Science University ("OHSU"), which declined J&J's requests to meet in good faith about its utilization. J&J therefore sought approval to initiate an audit of OHSU, which HRSA provided after J&J made revisions to its audit plan that HRSA requested. Yet instead of cooperating with the audit—as the 340B statute requires it to do, 42 U.S.C. § 256b(a)(5)(C)—OHSU filed this case against HRSA.

3. J&J agrees with the government, based on the facts alleged, that this action is not ripe; that HRSA's approval of J&J's audit request does not consummate a legal determination that alters OHSU's substantive rights and obligations, and thus is distinct from the types of agency decisions that qualify as final agency action; and that J&J fully complied with HRSA guidance in initiating its audit of OHSU, although J&J maintains that aspects of HRSA's guidance are not

authorized by the 340B statute. *See generally* ECF No. 18. J&J respectfully submits this brief as *amicus curiae* to set forth its legal position with respect to the statutory audit provisions and to highlight that OHSU's complaint presents an incomplete account of J&J's engagement with OHSU in the leadup to J&J's audit request to HRSA. In particular, OHSU inaccurately alleges that J&J never answered a letter to which J&J in fact sent a detailed response.

4. J&J therefore "has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide," *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008); and "the information offered is 'timely and useful,'" *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996) (quoting *Waste Mgmt. of Pa. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)); *see Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003). The Court should exercise its discretion to grant J&J leave to file the attached proposed amicus brief so that J&J may correct the record and to underscore that it complied fully with the 340B statute throughout the audit process.

5. In accordance with Local Rule 7(o)(5), J&J confirms that Johnson & Johnson, a publicly held company, is the ultimate parent company of Johnson & Johnson Health Care Systems Inc. No other publicly held corporation owns 10% or more of the stock of Johnson & Johnson Health Care Systems Inc. No party's counsel authored the proposed amicus brief in whole or in part; no party or party's counsel contributed money that was intended to fund preparing or submitting the proposed amicus brief; and no person other than J&J, its members, or its counsel contributed money that was intended to fund preparing or submitting the proposed amicus brief.

WHEREFORE, J&J respectfully requests that the Court grant the foregoing motion for leave to file the attached proposed amicus brief.

| | |
|---|---|
| Dated: December 12, 2024 | By:   */s/ Jeffrey L. Handwerker* <br> Jeffrey L. Handwerker (D.C. Bar 451913) <br> Samuel I. Ferenc (D.C. Bar 1616595) <br> ARNOLD & PORTER KAYE SCHOLER LLP <br> 601 Massachusetts Ave., NW <br> Washington, DC 20001-3743 <br> Tel.: +1 202.942.5000 <br> Fax: +1 202.942.5999 <br> jeffrey.handwerker@arnoldporter.com <br><br> *Attorneys for Proposed Amicus Curiae Johnson & Johnson Health Care Systems Inc.* |